IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-545-D

| | |
|---|---|
| EDWARD A. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-15 & 17). The time for filing any responses or replies has expired, and, therefore, these motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), these motions have been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-19) For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-15) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-17) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on January 2, 2009, alleging that he became unable to work on November 1, 2008. (Tr. 15). This application was denied initially and upon reconsideration. *Id.* A hearing was

1

held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled during the relevant time period in a decision dated May 27, 2010. *Id.* at 15-24. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on August 13, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 5-10. Plaintiff filed the instant action on November 2, 2011. (DE-6).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
>
> 42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by

2

substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).
>
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 1, 2008. (Tr. 17). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) gastrointestinal reflux disease ("GERD"); 2) hypertension with headaches and dizziness; 3) gouty arthritis with lower extremity swelling; 4) diabetes mellitus; and 5) bullous kerathopathy with right eye blindness. *Id.* at 18. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ determined that Plaintiff had the

3

residual functional capacity ("RFC") to perform a limited range of light work. *Id.* at 18. Specifically, the ALJ found that Plaintiff:

> can stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; lift and/or carry 10 pounds frequently and 20 pounds occasionally; never climb ladders; avoid work with unprotected heights, dangerous moving machinery, operation of commercial vehicles, use of firearm and extreme cold; occasional climb stairs and balance; and alternate between sitting and standing every 60 minutes.
>
> *Id.*

The ALJ then determined that Plaintiff was not capable of performing his past relevant work. *Id.* at 22. However, based on the testimony of a vocational expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id.* at 22-23. Accordingly, the ALJ determined that Plaintiff was not under a disability during the relevant time period. *Id.*

The undersigned has reviewed the entire record and finds that the ALJ's determinations were supported by substantial evidence. Plaintiff asserts only one assignment of error: that the ALJ "erred by not considering the effects of Plaintiff's right eye blindness and decreased left eye acuity on his RFC." (DE-16, pg. 7). Plaintiff also contends that the ALJ did not address the fact that Plaintiff's visual fields and depth perception would be affected by his right eye blindness.

The undersigned disagrees. On the contrary, the ALJ's findings were accompanied by a thorough review and assessment of the entire record. "The ALJ's assessment of this evidence provides a backdrop for the ALJ's evaluation of [these] opinion[s] and provides insight into [them]." Worden v. Astrue, 2012 WL 2919923, (E.D.N.C. May 29, 2012), *Report and Recommendation Adopted by*, Worden v. Astrue, 2012 WL 2920289 (E.D.N.C. July 17, 2012).

Furthermore, the ALJ repeatedly mentioned Plaintiff's vision throughout his analysis:

4

> At the hearing, [Plaintiff] testified that . . . [h]e is blind in the right eye and has damage to the left eye. The blood vessels are bursting in his left eye. His left eye is sensitive to light. . . .
>
> [Plaintiff] is treated for bullous kerathopathy with right eye blindness. Visual acuity in May 2008 without correction was right eye 20/no light perception and left eye 20/20. In December 2008, visual acuity without correction was right eye 20/no light perception and left [eye] 20/20. On January 1, 2009, OD was dilated and fixed and OS was reactive. The right eye had no light perception and the left eye was +0.25-0x090, 20/20. On March 22, 2010, [Plaintiff] reported of decreased visual acuity OS with white spots in the eye for the past three months. The claimant also reported of decreased swelling under OS with some irritation temporarily OS. He reported of being compliant in taking his medications. Visual acuity was 20/no light perception OD and 20/25-1 OS. The left eye received 1% Tropicamide and 2.5 % Penylephrine. The assessment was cataract, improved bullous [kerathopathy], pthysis bulbi OD with increased cupping and IOP OS . . .
>
> During [an emergency room] visit, it was noted that [Plaintiff] had become "completely blind" in the right eye with no ability to detect light . . . The diagnostic impression was acute glaucoma . . .
>
> . . . [O]n June 4, 2007 . . . [p]hysical examination revealed . . . with blindness in the right eye . . .
>
> [Plaintiff] is blind in the right eye. However, his left eye has good visual acuity . . .
>
> [A] prior [ALJ] decision dated October 30, 2008 found that [Plaintiff] had . . . right eye blindness with glaucoma . . .
>
> Overall, the [ALJ] finds that the [Plaintiff] has the [RFC] to perform light work with . . . restrictions . . . [d]ue to . . . bullous kerathopathy with right eye blindness . . . [Plaintiff] has no light perception in the right eye. However, his left [eye] has good visual acuity . . .
>
> *Id.* at 19-22

These findings correctly summarize the medical record. *Id.* at 264-266, 292, 305-306, 315, 327-330. Thus, the ALJ specifically mentioned Plaintiff's vision in the same paragraph in which he delineated each aspect of Plaintiff's RFC. *Id.* at 21.

5

Moreover, although the ALJ did not explicitly mention Plaintiff's limitations in depth perception and field of vision, he did include these limitations in the hypothetical questions he posed to the VE. *Id.* at 57-59. Ultimately, after considering these limitations the VE testified that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id.* at 59-60.

In short, the ALJ explicitly noted Plaintiff's right eye blindness in assessing Plaintiff's RFC and also posed hypothetical questions to the VE which included all of Plaintiff's visual limitations. The ALJ specifically relied upon the VE's testimony in determining that Plaintiff was not disabled. *Id.* at 22-23, 57-60. Therefore, the undersigned finds that the ALJ committed no error in his decision, or, in the alternative, that any error was harmless. Shinseki v. Sanders, 129 S.Ct. 1696 (2009); Garner v. Astrue, 2011 WL 2451723, *1, fn* (4th Cir. 2011)(unpublished opinion).

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-15) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-17) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, October 15, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE